# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN V. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14-cv-1652 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| ROBERT D. BAIKIE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Norris brought this *pro se* civil right action under 42 U.S.C. § 1983, alleging, *inter alia*, that he was falsely arrested for driving under the influence. Currently before the Court are Defendants' motions to dismiss [64], [68], and [70]. For the reasons set forth below, Defendants' motions to dismiss are granted. Plaintiff's claims against Will County are dismissed with prejudice. Plaintiff's remaining federal claims are dismissed without prejudice to Plaintiff filing an amended complaint that does not contain any allegations inconsistent with his convictions or renewing at a later date if his convictions are ever invalidated. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court will enter a final judgment and close the case.

## I.     Background

In his amended complaint, Plaintiff alleges that he has a history of animosity with Defendant Baikie, a Rockdale police officer who previously worked as a correctional officer at a Will County Adult Detention Facility ("the Jail"). [12 (Amended Complaint), at 8.] Plaintiff contends that he filed several law suits against the Jail, its officials, Defendant Baikie's "former superiors, former co-workers and former friends." [*Id.*] According to Plaintiff, he was

incarcerated at the Jail on August 30, 2013, when he "happened to cross paths with [Defendant] Baikie[.]" [*Id.*] Plaintiff asserts that Defendant Baikie "threatened to get Plaintiff, or words to that effect." [*Id.*]

Plaintiff alleges that the next day, August 31, 2013, Defendant Baikie "made good" on his prior threat by conducting an allegedly illegal and unconstitutional traffic stop of Plaintiff outside of Rockdale. [*Id.*] Plaintiff asserts that Defendant Baikie stopped him for alleged Illinois Vehicle Code infractions that Plaintiff insists he did not commit. [*Id.*] Plaintiff contends that the stop took place outside of Defendant Baikie's jurisdiction, so Defendant Baikie "illegally and unconstitutionally detained Plaintiff against his will" and called Defendant Will County Deputy Steven Kirsch. [*Id.*] Plaintiff alleges that Defendant Kirsch "illegally and unconstitutionally" cited Plaintiff for improper traffic lane usage, illegal transportation of alcohol, and three instances of driving under the influence, and that Defendant Kirsch did not observe Plaintiff commit any of these traffic offenses. [*Id.*] Plaintiff further alleges that "[a]rresting Plaintiff against his will in the process for [sic] the now unlawful fruit from the poisonous tree." [*Id.*] Plaintiff contends that Defendants Baikie and Kirsch "deceptively edited" their "squad video audio recordings" to make Plaintiff appear culpable. [*Id.*] Additionally, Defendant Officer John Doe allegedly "served as look out security" during Plaintiff's arrest. [*Id.* at 10.] Plaintiff contends that Defendant Officer John Doe did not act to protect Plaintiff and his constitutional rights and that he gave advice to Defendant Baikie on how to fabricate false charges against Plaintiff. [*Id.*]

Plaintiff alleges that he became unconscious "[a]t some point" after the arrest. (The amended complaint does not explain why or when Plaintiff became unconscious.) [*Id.* at 9.] Defendant Kirsch directed that Plaintiff be transported to Defendant Presence Saint Joseph

Medical Center by ambulance. [*Id.*] Plaintiff contends that Defendant Presence Saint Joseph Medical Center "totally messed up the drug and alcohol test results," which Defendant Kirsch allegedly "partially used to arrest and charge Plaintiff." [*Id.*] The amended complaint is unclear, but the Court presumes that the tests showed positive results for drugs and/or alcohol. [*Id.*] Plaintiff asserts that the tests results were "[e]ventually us[ed]" to suspend his commercial driver's license. [*Id.*]

Defendant Kirsch allegedly had an employee of Defendant Presence Saint Joseph Medical Center "perform a DUI kit on Plaintiff, while he watched." [*Id.*] Defendant Kirsch allegedly "messed up performing the DUI kit" under "applicable Illinois Administrative Codes and or [sic] Illinois Public Health regulations." [*Id.*] Plaintiff alleges that Defendant Kirsch "knew or should have known that he was violating codes and procedures to ensure the reliability of the test results." [*Id.*] Subsequently, Defendant Kirsch and the Will County Sheriff's Department allegedly mishandled the DUI kit such that the test results cannot be reliable. [*Id.*]

Plaintiff alleges that Defendants Rockdale Police Chief Robert Dykstra and Will County Sheriff's Sergeant Steven Byland approved Defendants Baikie's and Kirsch's allegedly false incident reports, the allegedly illegal traffic stop, and the allegedly false evidence used to arrest and charge Plaintiff. [*Id.* at 5, 9, 10.] Plaintiff asserts that "[d]iscovery will expose the specifics of their nefarious shenanigans." [*Id.* at 10.] Finally, Plaintiff brings *Monell* claims against Defendants the Village of Rockdale and Will County, contending that they failed to implement policies to prevent "the malicious misconduct," to discipline Defendants Baikie, Kirsch, Byland, or Dykstra, and to intervene to protect Plaintiff and his constitutional rights "[a]s a regular practice or custom." [*Id.*]

In March 2014, Plaintiff brought this *pro se* civil right action against Defendants, requesting thirty six million dollars in damages. [*Id.* at 11.] This Court screened the complaint and permitted Plaintiff to proceed with four claims: (1) a Fourth Amendment claim for a wrongful traffic stop and resulting false arrest against Defendants Baikie and Kirsch; (2) a First Amendment retaliation claim against Defendants Baikie and Kirsch for taking these actions against Plaintiff in retaliation for his prior filing of grievances and lawsuits against the Jail; (3) a supplemental state law claim against Defendant Presence Saint Joseph Medical Center regarding the allegedly false positive drug and alcohol test; and (4) a due process claim against Defendants Baikie and Kirsch for the alleged manufacture and fabrication of evidence. [9 (May 27, 2014 Screening Order), at 2–3.] The Court's order screened Plaintiff's original complaint [1], which brought claims against Defendants Baikie, Kirsch, and Presence Saint Joseph Medical Center. Thus, the screening order did not address the arguments raised in Plaintiff's amended complaint [12], as the amended complaint was filed on June 6, 2014, after the Court issued its screening order. Plaintiff's amended complaint adds claims against Defendants Officer John Doe, Dykstra, Byland, the Village of Rockdale, and Will County for allegedly approving the alleged false arrest and failing to intervene to protect Plaintiff and his constitutional rights. [*Id.* at 5–6, 9–10.]

The Court stayed the case on August 14, 2014 pending the resolution of Plaintiff's state court criminal proceedings. [31.] Plaintiff was ultimately convicted of improper lane usage, transportation of alcoholic liquor in a motor vehicle, driving with an alcohol concentration of 0.08 or more, and driving under the influence of alcohol.[1] [64-1 (State Court Dockets), at 3, 4, 7; see also 57 (Joint Status Report), at ¶¶ 2, 5; 88 (Plaintiff's Reply Brief), at ¶ 4.] The Court lifted

---

[1] The State abandoned the third DUI charge—for driving under the influence of cocaine—via a *nolle prosequi*. [90, at Exhibit 1; 93, at 2; 64-1.]

the stay on March 22, 2016. [61.] In April 2016, Defendants filed motions to dismiss [64], [68], and [70].

## II. Legal Standard

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering whether to dismiss a complaint under Rule 12(b)(6), the Court takes the allegations in the complaint as true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Vesely v. Armslist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014). The Court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

## III. Analysis

### A. Fourth Amendment Claims: Unreasonable Seizure and False Arrest

Plaintiff brings claims against Defendants Baikie and Kirsch for unreasonable seizure and false arrest. To prevail on a claim of unreasonable seizure in violation of the Fourth Amendment, Plaintiff must prove that Defendants Baikie and Kirsch seized him through the traffic stop without "a reasonable, articulable suspicion that criminal activity is afoot." See *Huff*

5

*v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). For a false arrest claim, Plaintiff must show that Defendants lacked probable cause to arrest him with the traffic violations. See *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). Defendants argue that Plaintiff's Fourth Amendment claims for unreasonable seizure and false arrest are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck*, the Supreme Court held that a plaintiff in a civil rights action may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless the conviction has already been invalidated. *Id.*; see also *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) ("The *Heck* rule is analogous to collateral estoppel: an issue determined with finality in a full and fair adjudicative proceeding (and essential to the decision in that proceeding) cannot be reopened in a subsequent case."); *VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006) ("*Heck* holds that before a § 1983 plaintiff may recover damages for alleged harm 'caused by actions whose unlawfulness would render a conviction or sentence invalid,' the plaintiff must first prove that his conviction or sentence has been reversed, expunged, or called into question by the grant of a petition for habeas corpus." (quoting *Heck*, 512 U.S. at 486–87)). The *Heck* doctrine is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484. The rule is intended to prevent collateral attacks on convictions through civil suits. *VanGilder*, 435 F.3d at 691.

In the case at hand, Plaintiff's convictions for improper lane usage, transportation of alcoholic liquor in a motor vehicle, driving with an alcohol concentration of 0.08 or more, and driving under the influence of alcohol have not been set aside. Plaintiff acknowledges that he was convicted of these charges and asserts that he is in the process of appealing his convictions

6

in state court. [89, at ¶ 3.] The Court therefore must consider whether any of Plaintiff's claims in this civil action necessarily imply the invalidity of one or more of those convictions.

Generally speaking, wrongful arrest claims do not necessarily undermine a conviction, as a plaintiff can have a successful wrongful arrest claim and still have a perfectly valid conviction. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996); see also *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006). Similarly, a plaintiff may be able to bring a claim of unreasonable seizure without challenging the validity of his conviction. See *Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014) (holding that *Heck* did not bar plaintiff's Fourth Amendment claim where plaintiff pled guilty to driving on a suspended or revoked license and "a finding that [plaintiff] was illegally seized * * * would therefore have no relevance to the validity of his guilty plea and ensuing conviction.").

However, "this general approach must not be understood as a rule to be applied in every case." *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004). *Heck* itself recognized that it is possible for a § 1983 claim based on false arrest or a similar Fourth Amendment violation to imply the invalidity of a conviction. *Wallace*, 440 F.3d at 428 (citing *Heck*, 512 U.S. at 486); see also *Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("If the plaintiff is ultimately convicted, and if the [ ] civil suit would impugn that conviction, *Heck* will require dismissal."). As the Seventh Circuit has explained in *Tolliver v. City of Chicago*, 820 F.3d 237, 243–44 (7th Cir. 2016), and in *Okoro v. Callaghan*, 324 F.3d 488, 489–90 (7th Cir. 2003), if a plaintiff's factual claims in the civil suit necessarily imply the invalidity of the criminal conviction, then *Heck* bars the suit. In *Tolliver*, the plaintiff had been convicted of aggravated battery to a peace officer under Illinois law, which encompasses intentionally or knowingly, voluntarily, causing bodily harm to the victim. 820 F.3d at 242. Plaintiff later brought a § 1983 excessive force claim, arguing that the

7

police officers employed deadly force against him without provocation. *Id.* at 239. The Seventh Circuit held that his civil suit was barred by *Heck*, explaining that if the finder of fact were to accept the plaintiff's version of the events—that "the officers shot at him as he sat impassively in his car, posing no threat to the officers"—then he could not be guilty of aggravated battery because he did not act intentionally. *Id.* at 243. Thus, since plaintiff's version of the facts necessarily implied the invalidity of his conviction, *Heck* barred the civil suit. *Id.* at 244.

Similarly, in *Okoro*, the plaintiff was convicted of drug violations and later brought a civil suit against federal and state officers seeking the return of gems and cash that he claimed the officers had seized while searching his home. 324 F.3d at 489. The Seventh Circuit noted that it was theoretically possible for the plaintiff to have been guilty of the drug violations yet also have been the victim of a theft by the arresting officers. *Id.* However, the plaintiff "adhered steadfastly to his position that there were no drugs, that he was framed" and in so arguing, he was making an impermissible collateral attack on his drug conviction. *Id.* at 490. Thus, since the plaintiff was challenging the validity of the guilty verdict by denying that there were any drugs and arguing that he was framed, his claim was barred by *Heck*. *Id.*

The same logic applies to the case at hand. In claiming violations of his rights under the Fourth Amendment, Plaintiff insists that he committed no offense, that Defendants Baikie and Kirsch "deceptively edited" their squad car recordings to make Plaintiff appear culpable, and that Defendant Kirsch "messed up performing the DUI kit" to create false positive." [12, at 8–9.] In fact, Plaintiff explicitly argues that he was "unconstitutionally convicted of all charges giving rise to this Civil Suit." [89, at ¶ 3.] Thus, Plaintiff's factual allegations in this civil case and his adherence to his position that he did nothing wrong necessarily imply the invalidity of his criminal convictions, and Plaintiff's Fourth Amendment claims are barred by *Heck*. Because all

8

of Plaintiff's Fourth Amendment claims are based on his assertion that he was wrongly convicted in state court, Plaintiff cannot repudiate his allegations that he did nothing wrong and still maintain that he was the victim of Fourth Amendment violations. See *Okoro*, 324 F.3d at 488 (since plaintiff advanced a claim that could not succeed unless the conviction was invalid, claim was barred by *Heck*); *Szach v. Village of Lidenhurst*, 2015 WL 3964237, at *6 (N.D. Ill. June 25, 2015) ("[W]here the grounds for the conviction flow from the same facts underlying the allegations of false arrest, the claim is barred by *Heck*."); cf. *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) (holding that if plaintiff abandoned his position that he did not resist being taken into custody, which was inconsistent with his conviction for resisting arrest, plaintiff could then proceed with his claim for excessive force); *Gilbert v. Cook*, 512 F.3d 899, 901–02 (7th Cir. 2008) (holding that plaintiff could pursue his claim that prison guards used excessive force as long as plaintiff did not deny striking one of the guards first, which would contradict the prison disciplinary board's finding that plaintiff struck the guard). Plaintiff's Fourth Amendment claims must be dismissed without prejudice[2] to Plaintiff filing an amended complaint that does not contain any allegations inconsistent with his convictions or refiling this suit at a later date if his convictions are ever invalidated.[3] See *Moore*, 652 F.3d at 726.

---

[2] The Court notes that in Plaintiff's reply briefs [88], [89], and [90], he requests that the suit be stayed pending his appeal of his convictions in state court. The Court declines to stay this suit instead of dismissing it. Although the Supreme Court in *Wallace*, 549 U.S. at 939–94, stated that a district court may stay a § 1983 action if the plaintiff files a false arrest claim *before* he has been convicted, the Supreme Court then stated that "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal[.]" Here, Plaintiff has been convicted, and thus the Court will dismiss rather than stay the suit. See *Ellis v. City of Chicago*, 2016 WL 212489, at *7 (N.D. Ill. Jan. 19, 2016) (rejecting plaintiff's request for a stay instead of a dismissal under similar circumstances).

[3] The Court will briefly address Plaintiff's additional arguments. First, Plaintiff alleges that Defendant Baikie pulled him over outside of Defendant Baikie's lawful jurisdiction, as defined by state law. However, even viewing the facts in the light most favorable to Plaintiff, this allegation has no impact on Plaintiff's § 1983 claims, as state law would control any question concerning Defendant Baikie's jurisdictional boundaries, but does not control the reasonableness inquiry under the Fourth Amendment.

9

## B.  Due Process Claim for Manufacture and Fabrication of Evidence

Plaintiff also alleges that Defendants Baikie, Kirsch, and Officer John Doe violated his due process rights by manufacturing and fabricating evidence. Specifically, Plaintiff alleges that Defendants Baikie and Kirsch "deceptively edited" their "squad video audio recordings" to make Plaintiff appear culpable, that Defendant Kirsch "messed up performing the DUI kit," and that Defendant Officer John Doe gave advice to Defendant Baikie on how to fabricate false charges against Plaintiff. [12, at 8–10.] Evidence fabrication can violate a person's due process rights and be actionable pursuant to § 1983 if that evidence is used to deprive the person of his liberty in some way. *Saunders-El v. Rohde*, 778 F.3d 556, 560–61 (7th Cir. 2015). However, in the case at hand, Plaintiff's due process claim is also barred by the doctrine of *Heck*, 512 U.S. at 486–87. Plaintiff's allegations of evidence fabrication imply the invalidity of his convictions since Plaintiff alleges that Defendants fabricated what appears to be evidence that was critical to his state court cases. Thus, unless Plaintiff's state court convictions are set aside, his due process claim is not cognizable. See *Ellis*, 2016 WL 212489, at *7 (holding that plaintiff's due process claims for evidence fabrication were barred by *Heck* where the allegations "if true, would

---

*Jackson v. Parker*, 627 F.3d 634, 640 (7th Cir. 2010); see also *Virginia v. Moore*, 553 U.S. 164, 175–76 (holding that officers do not violate the Fourth Amendment when they make an arrest that is based on probable cause but prohibited by state law).

Next, Plaintiff contends that Defendant Kirsch did not witness the traffic violations. This is also of no import because the collective knowledge doctrine allows an officer to stop, search, or arrest a suspect at the direction of another officer, "even if the officer himself does not have firsthand knowledge of facts that amount to the necessary level of suspicion to permit the given action." *United States v. Williams*, 627 F.3d 247, 252–53 (7th Cir. 2010).

Finally, Plaintiff briefly argues in his response brief [90] to Defendant Presence Saint Joseph Medical Center's motion to dismiss [70] that even if most of his claims are dismissed, "the portion involving the DUI for cocaine must be allowed to continue" because the State abandoned the charge via a *nolle prosequi*. [90, at ¶ 6.] This argument fails because "if probable cause existed for the arrest for one offense, a plaintiff cannot allege false arrest with respect to a different offense." *Click v. Lang*, 2010 WL 582658, at *4 (N.D. Ill. Feb. 16, 2010); see also *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("[Arresting officer's] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause").

10

impugn his state-court conviction," and "the evidence that [plaintiff] claims was fabricated was simply too critical to [plaintiff's] state-court conviction for the Court to conclude otherwise"). Plaintiff's due process claim is also dismissed without prejudice.

### C. First Amendment Retaliation Claim

Next, Plaintiff brings a First Amendment retaliation claim against Defendants Baikie and Kirsch for allegedly stopping and arresting Plaintiff in retaliation for his prior filing of grievances and lawsuits against the Jail, its officials, and Defendant Baikie's "former superiors, former co-workers and former friends." To make out a prima facie case of First Amendment retaliation, a plaintiff must show that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity, and (3) the First Amendment activity was at least a motivating factor in the police officer's decision. *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012).

Plaintiff's First Amendment retaliation claim is dismissed because Defendants Baikie and Kirsch are shielded by qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). A right is clearly established if every reasonable official would have understood that his actions violated that right. *Id.* In *Reichle*, 132 S. Ct. at 2093, the Supreme Court held that there is no clearly established First Amendment right to be free from a retaliatory arrest that is supported by probable cause. In *Thayer*, the Seventh Circuit observed that although the Supreme Court has said that probable cause is a bar to retaliatory *prosecution* claims, see *Hartman v. Moore*, 547 U.S. 250, 260 (2006), "[t]he case law is unsettled on whether probable cause is a complete bar to First Amendment retaliatory arrest claims." 705 F.3d at 253. The *Thayer* Court held that a defendant police officer was entitled to qualified immunity "because

11

neither our circuit nor the Supreme Court has 'recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause." *Id.*

As discussed above, Plaintiff has attempted to challenge the existence of probable cause supporting his arrest but is barred from doing so by *Heck*, 512 U.S. 477, 486–87. Plaintiff's arrest took place on August 31, 2013, less than one year after the Seventh Circuit issued its decision in *Thayer*, 705 F.3d at 253, and there was no intervening decision clearly establishing a First Amendment right to be free from a retaliatory arrest that is supported by probable cause. See *Hudkins v. City of Indianapolis*, 2015 WL 4664592, at *16 (S.D. Ind. Aug. 6, 2015) (holding that as of August 6, 2015—two years after Norris's arrest—there was no clearly established right to be free from a retaliatory arrest supported by probable cause). Thus, Defendants Baikie and Kirsch are entitled to qualified immunity. See *Hunt v. Roth*, 2013 WL 708116, at *6 (N.D. Ill. Feb. 22, 2013) ("Because the Court has concluded that the officers had probable cause to arrest [plaintiff] and because there is no clearly-established right to be free from a retaliatory arrest supported by probable cause, the officers are entitled to qualified immunity on the retaliatory arrest claim."). Plaintiff's First Amendment retaliation claim is dismissed without prejudice.[4]

### D. Claims Against Defendants Supervisors (Dykstra and Byland) and Municipalities (the Village of Rockdale and Will County)

In his amended complaint, Plaintiff alleges that Defendants Rockdale Police Chief Robert Dykstra and Will County Sheriff's Sergeant Steven Byland approved Defendants Baikie's and Kirsch's allegedly false incident reports, the allegedly illegal traffic stop, and the allegedly false evidence used to arrest and charge Plaintiff. [12, at 5, 9, 10.] In order for a supervisor to be liable, the supervisor must be "personally responsible for the deprivation of the constitutional right." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation and internal

---

[4] The Court declines to dismiss this claim with prejudice because if Plaintiff later has his state court convictions invalidated, he can challenge whether there existed probable cause for his arrest.

quotation marks omitted). However, without an underlying constitutional violation by Defendants Baikie and Kirsch, the supervisors cannot be liable. Since the claims against Defendants Baikie and Kirsch were dismissed above, the claims against Defendants Dykstra and Byland are likewise dismissed. See *Matthews*, 675 F.3d at 708 (explaining that since the arresting officer had probable cause to arrest plaintiffs, there was no constitutional violation for the supervisor to condone).

Plaintiff also brings *Monell* claims against Defendants the Village of Rockdale and Will County, contending that they failed to implement policies to prevent "the malicious misconduct," to discipline Defendants Baikie, Kirsch, Byland, or Dykstra, and to intervene to protect Plaintiff and his constitutional rights "[a]s a regular practice or custom." [12, at 9–10.] Plaintiff's *Monell* claims fail because municipalities cannot be found liable "when its officers committed no constitutional violation in arresting the plaintiff." *Matthews*, 675 F.3d at 708. Additionally, Plaintiff's claims against Will County are dismissed with prejudice because "the county is not responsible for the policies of the sheriff's office." *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (stating that "[plaintiff] cannot maintain a section 1983 action against [a county] for 'practices, policies, or actions' which are unrelated to that entity," such as those of county sheriff).

### E. State Law Claim Against Defendant Presence Saint Joseph Medical Center

Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Presence Saint Joseph Medical Center regarding the alleged false positive drug and alcohol tests. If a district court has dismissed all claims over which it has original jurisdiction, the court has discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); see also *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (noting

that the decision to exercise supplemental jurisdiction is "squarely within [the district court's] discretion). The general rule is that when all federal claims are dismissed, the district court should decline to exercise supplemental jurisdiction over the state law claims. *Davis v. Cook Cty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)). Thus, the Court declines to exercise supplemental jurisdiction over the state law claims. Plaintiff may be able to refile his state law claims in state court. See 735 ILCS 5/13-217.

**IV.    Conclusion**

For the foregoing reasons, Defendants' motions to dismiss [64], [68], and [70] are granted. Plaintiff's claims against Will County are dismissed with prejudice. Plaintiff's remaining federal claims are dismissed without prejudice to Plaintiff filing an amended complaint that does not contain any allegations inconsistent with his convictions or renewing at a later date if his convictions are ever invalidated. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court will enter a final judgment and close the case.

Date: January 30, 2017

Robert M. Dow, Jr.
United States District Judge